IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

AARON HOLLIS, *individually and on behalf of all others similarly situated*,

   Plaintiff,

v.

CONTINENTAL 425 FUND LLC d/b/a SPRINGS AT PORT ORANGE,

   Defendant.

Case No.: _____

## NOTICE OF REMOVAL

**COMES NOW** defendant Continental 425 Fund LLC d/b/a Springs at Port Orange ("Continental 425 Fund"), by and through undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and hereby gives notice of the removal of this action from the Circuit Court of Broward County, Florida, to the United States District Court for the Southern District of Florida.  In support of this notice of removal Continental 425 Fund states as follows:

### I.   INTRODUCTION

1. Plaintiff Aaron Hollis ("Plaintiff") commenced this putative class action by filing a complaint against Continental 425 Fund in the Circuit Court of Broward County, Florida, Case Number CACE-20-013372 on or about August 17, 2020.  Continental 425 Fund was served on or about August 27, 2020.

2. Plaintiff asserts violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"). [*See generally* Complaint.]

3. Based on these allegations, Plaintiff purports to assert a federal claim under the TCPA. [*Id.*] Plaintiff seeks a declaratory judgment, injunction, actual damages, statutory damages, and treble damages. [*Id.*]

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

5. Additionally, this case is properly removable because Plaintiff has standing under Article III of the U.S. Constitution. *See* U.S. Const. art. III § 2; *Lujan v. Def.'s of Wildlife*, 504 U.S. 555, 560 (1992) (recognizing Article III of the U.S. Constitution limits the jurisdiction of federal courts to "cases" and "controversies").

## II.   FEDERAL QUESTION JURISDICTION

6. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting a claim against Continental 425 Fund based upon an alleged violation of the TCPA, which is a federal consumer protection statute. [*See* Compl.]

8. The U.S. Supreme Court has held that TCPA claims give rise to federal question jurisdiction. *See Mims v. Arrow Fin'l Servs., LLC*, 565 U.S. 368 (2012); *see also Balthazar v. Cent. Credit Servs., Inc.*, 475 F. App'x 716 (11th Cir. 2012).

9. Accordingly, Plaintiff's TCPA claim arises under the laws of the United States and could have been originally filed in this Court.

### III.   STANDING

10. Standing consists of three elements: (1) plaintiff suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

11. Here, Plaintiff alleges that he suffered an injury as a result of Continental 425 Fund's violations of the TCPA. [*See* Compl., ¶ 9.] Specifically, Plaintiff claims Continental 425 Fund sent unsolicited text messages to his cell number in violation of the TCPA. [*Id.* at ¶¶ 17–22.] As a result of Continental 425 Fund's alleged conduct, Plaintiff claims he is entitled to ***actual*** and statutory damages. [*Id.* at ¶ 50.] Further, Plaintiff indicates that "individual damages [were] incurred by each member of the Class resulting from Defendant's wrongful conduct . . . ." [*Id.* at ¶ 41.]

12. Among additional relief sought, Plaintiff also requests a declaration and asks for an "injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party." [*Id.* at ¶ 50.]

13. Because Plaintiff alleges that Plaintiff suffered an injury in fact that is traceable to Continental 425 Fund's conduct, Plaintiff has Article III standing. *Cf. Church v. Accretive*

*Health, Inc.*, 654 F. App'x 990, 992 (11th Cir. 2016) (finding no Article III standing because no actual damages incurred).

### IV. ADOPTION AND RESERVATION OF DEFENSES

14. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Continental 425 Fund's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### V. PROCEDURAL REQUIREMENTS

15. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

16. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There have been no other process, pleadings, or orders served upon Continental 425 Fund to date in this case.

17. This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

18. Continental 425 Fund has not previously sought similar relief.

19. The United States District Court for the Southern District of Florida is the court embracing the place where this action is pending in state court.

20. Contemporaneously with the filing of this notice of removal, Continental 425 Fund has filed a copy of same with the clerk of the Circuit Court of Broward County, Florida and

a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

21. Continental 425 Fund reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Continental 425 Fund prays this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Broward County, Florida, to the United States District Court for the Southern District of Florida.

/s/ *Jacqueline Simms-Petredis*
Jacqueline Simms-Petredis (FL Bar No. 0906751)
BURR & FORMAN LLP
201 N. Franklin Street, Suite 3200
Tampa, FL 36601
Telephone: (813) 221-2626
Facsimile: (813) 221-7335
Email: jsimms-petredis@burr.com
dmorales@burr.com; anolting@burr.com

Zachary D. Miller (FL Bar No. 95669)
BURR & FORMAN, LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3216
Facsimile: (615) 724-3316
zmiller@burr.com; agosnell@burr.com

***Attorneys for Continental 425 Fund LLC d/b/a Springs at Port Orange***

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on September 15, 2020, I electronically filed the foregoing using the ECF portal, which will serve an electronic copy upon the following parties:

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Ft. Lauderdale, FL 33301
jbirael@jibraellaw.com
tom@jibraellaw.com
*Attorneys for Plaintiff*

                */s/ Jacqueline Simms-Petridis*
                Jacqueline Simms-Petredis, Esq.