## Aaron Hollis Plaintiff vs. Continental 425 Fund LLC Defendant

**Broward County Case Number:** CACE20013372
**State Reporting Number:** 062020CA013372AXXXCE
**Court Type:** Civil
**Case Type:** Other
**Incident Date:** N/A
**Filing Date:** 08/17/2020
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 09 Levenson, Jeffrey R.

### − Party(ies)                                                          Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>☗ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Hollis, Aaron** | | ☗ Hindi, Jibrael S<br>Retained<br>Bar ID: 118259<br>110 SE 6th ST<br>FL 17<br>Fort Lauderdale, FL 33301<br>**Status: Active**<br><br>Patti, Thomas J<br>Retained<br>Bar ID: 118377<br>RODAL LAW PA<br>5300 NW 33rd Ave<br>Ste 219<br>Fort Lauderdale, FL 33309-6356<br>**Status: Active** |

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>☗ Denotes Lead Attorney |
|---|---|---|---|
| Defendant | **Continental 425 Fund LLC** | | ☗ Simms-Petredis, Jacqueline A<br>Retained<br>Bar ID: 906751<br>BURR & FORMAN LLP<br>One Tampa City Center, Suite 3200<br>201 North Franklin Street<br>Tampa, FL 33602<br>**Status: Active** |

### − Disposition(s)

Total: 0

| Date | Statistical Closure(s) |
|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

### − Event(s) & Document(s)

Total: 10

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 09/08/2020 | **Notice of Filing/Affidavit of Service Returned Served** | on the 27th day of August, 2020<br>Party: *Defendant* Continental 425 Fund LLC | 📄 | 1 |
| 09/01/2020 | **Notice of Appearance** | Party: *Defendant* Continental 425 Fund LLC | 📄 | 2 |
| 09/01/2020 | **Motion for Extension of Time** | Party: *Defendant* Continental 425 Fund LLC | 📄 | 2 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 08/17/2020 | **Civil Cover Sheet** | Amount: $30,000.00 | 📄 | 2 |
| 08/17/2020 | **eSummons Issuance** | To Continental 425 LLC | 📄 | 2 |
| 08/17/2020 | **Complaint (eFiled)** | Class Action Party: *Plaintiff* Hollis, Aaron | 📄 | 10 |
| 08/17/2020 | **Interrogatories & Notice of Filing** | To Defendant Party: *Plaintiff* Hollis, Aaron | 📄 | 12 |
| 08/17/2020 | **Request for Production** | First to Defendant Party: *Plaintiff* Hollis, Aaron | 📄 | 6 |
| 08/17/2020 | **Request to Produce** | To Defendant Party: *Plaintiff* Hollis, Aaron | 📄 | 2 |
| 08/17/2020 | **Search for prior case performed per 2020-4-Civ-UFC-CO** | | 📄 | 1 |

**–**  Hearing(s)                                                                                   Total: 0

**There is no Disposition information available for this case.**

**–**  Related Case(s)                                                                            Total: 0

**There is no related case information available for this case.**

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.       CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Aaron Hollis</u>
 Plaintiff
        vs.
<u>Continental 425 Fund LLC</u>
Defendant

---

**II.      AMOUNT OF CLAIM**
      Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>30,000</u>

**III.     TYPE OF CASE**      (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

| | |
|---|---|
| ☐ Condominium | ☐ Malpractice – other professional |
| ☐ Contracts and indebtedness | ☒ Other |
| ☐ Eminent domain | ☐ Antitrust/Trade Regulation |
| ☐ Auto negligence | ☐ Business Transaction |
| ☐ Negligence – other | ☒ Circuit Civil - Not Applicable |
| ☐ Business governance | ☐ Constitutional challenge-statute or ordinance |
| ☐ Business torts | ☐ Constitutional challenge-proposed amendment |
| ☐ Environmental/Toxic tort | ☐ Corporate Trusts |
| ☐ Third party indemnification | ☐ Discrimination-employment or other |
| ☐ Construction defect | ☐ Insurance claims |
| ☐ Mass tort | ☐ Intellectual property |
| ☐ Negligent security | ☐ Libel/Slander |
| ☐ Nursing home negligence | ☐ Shareholder derivative action |
| ☐ Premises liability – commercial | ☐ Securities litigation |
| ☐ Premises liability – residential | ☐ Trade secrets |
| ☐ Products liability | ☐ Trust litigation |
| ☐ Real Property/Mortgage foreclosure | |
| ☐ Commercial foreclosure | ☐ County Civil |
| ☐ Homestead residential foreclosure | ☐ Small Claims up to $8,000 |
| ☐ Non-homestead residential foreclosure | ☐ Civil |
| ☐ Other real property actions | ☐ Replevins |
| ☐ Professional malpractice | ☐ Evictions |
| ☐ Malpractice – business | ☐ Other civil (non-monetary) |
| ☐ Malpractice – medical | |

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒  Monetary;
☒  Non-monetary declaratory or injunctive relief;
☐  Punitive

**V.      NUMBER OF CAUSES OF ACTION:**
        (Specify)

        1

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
☒  Yes
☐  No

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒  No
☐  Yes – If "yes" list all related cases by name, case number and court:

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒  Yes
☐  No

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:    s/ Thomas John Patti III
              Attorney or party
FL Bar No.:   118377
              (Bar number, if attorney)
              Thomas John Patti III
              (Type or print name)
     Date:    08/17/2020

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

AARON HOLLIS,
*individually and on behalf of all others
similarly situated,*

     **Plaintiff,**

                                    **CIVIL ACTION SUMMONS**

v.

CONTINENTAL 425 FUND LLC
d/b/a SPRINGS AT PORT ORANGE,

     **Defendant.**

_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

CONTINENTAL 425 FUND LLC
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

     Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Jibrael. S. Hindi, Esq., The Law Offices of Jibrael S. Hindi, PLLC, 110 SE 6th Street, Suite 1744, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: _____AUG 17 2020_____

                                   Brenda D. Forman, Clerk of the Court

                                   By: _____

                                        As Deputy Clerk

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 08/17/2020 12:03:55 PM.****

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Respectfully Submitted,

  /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

AARON HOLLIS,
*individually and on behalf of all others*
*similarly situated,*

     Plaintiff,

vs.

CONTINENTAL 425 FUND LLC
d/b/a SPRINGS AT PORT ORANGE,

     Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Aaron Hollis ("Plaintiff") brings this class action against Defendant Continental 425 Fund LLC d/b/a Springs at Port Orange ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.    This is a putative class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA"), arising from Defendant's violations of the TCPA.

2.    To promote its apartments for rent, Defendant engages in unsolicited text messaging with no regard for consumers' privacy rights.

3.    Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 08/17/2020 12:03:55 PM.****

4. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Broward County, Florida, and the subscriber and user of the cellular telephone number ███-***-9224 (the "9224 Number").

5. Defendant is, and at all times relevant hereto was, a limited liability company organized under the laws of Wisconsin and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters in Menomonee Falls, Wisconsin. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION, VENUE, AND STANDING

6. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida *via* an automated telephone dialing system ("ATDS") and without the requisite prior express written consent in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of unsolicited text messages to Plaintiff in Florida. Plaintiff received such messages while residing in and physically present in Florida.

8. Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

9. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the TCPA, and because he is not requesting an advisory

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

opinion from this Court.  Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## THE TELEPHONE CONSUMER PROTECTION ACT

10.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

11.     The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

12.     The TCPA exists to prevent communications like the ones described within this Complaint. *See* <u>Mims v. Arrow Fin. Servs., LLC</u>, 132 S. Ct. 740, 744 (2012).

13.     In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." <u>Breslow v. Wells Fargo Bank, N.A.</u>, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

14.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

15.     A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See* <u>In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991</u>, 30

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

16.     Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See* Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

## **FACTS**

17.     On a date better known by Defendant, Defendant sent the following unsolicited text messages to Plaintiff's cellular telephone number:



18.     Plaintiff received the subject text message within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

19.     Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

20.     Plaintiff is the sole user and/or subscriber of the cellular telephone number that received the above text message.

21.     At no point in time did Plaintiff provide Defendant with her express written consent to be contacted using an ATDS.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

22.     The impersonal and generic nature of Defendant's text message demonstrates that Defendant utilized an ATDS in transmitting the message.

23.     The numbers used by or on behalf of Defendant (████7481 and ████1451 ) are known as a "long code," a standard 10-digit phone number that enabled Defendant to send SMS text messages *en masse*, while deceiving recipients into believing that the message was personalized and sent from a telephone number operated by an individual.

24.     Long codes work as follows: Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic. These SMS gateway providers send and receive SMS traffic to and from the mobile phone networks' SMS centers, which are responsible for relaying those messages to the intended mobile phone. This allows for the transmission of a large number of SMS messages to and from a long code.

25.     The impersonal and generic nature of Defendant's text messages, coupled with the fact that they were originated from a long-code short-code, demonstrates that Defendant utilized an automatic telephone dialing system, *i.e.*, an ATDS, in transmitting the messages.

26.     Upon information and belief, to send the text message, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of text messages automatically and without any human involvement.

27.     The Platform has the capacity to store telephone numbers.

28.     The Platform has the capacity to generate sequential numbers.

29.     The Platform has the capacity to dial numbers in sequential order.

30.     The Platform has the capacity to dial numbers from a list of numbers.

31.     The Platform has the capacity to dial numbers without human intervention.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32.     The Platform has the capacity to schedule the time and date for future transmission of text messages.

## CLASS ALLEGATIONS

### PROPOSED CLASS

33.     Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).  The "Class" that Plaintiff seeks to represent is comprised of one class and is defined as follows:

> **No Consent Class**: All persons who from four years prior to the filing of this action until the date of a certification order **[1]** were sent a text message to his or her cellular phone number by Defendant or on Defendant's behalf **[2]** using the same equipment used to send the text messages to Plaintiff **[3]** for the purpose of advertising and/or promoting Defendant's property, goods, and/or services.

34.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

35.     Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

36.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

### COMMON QUESTIONS OF LAW AND FACT

37.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS; [2] Whether Defendant can meet its burden of showing that it had express written consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

38.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

39.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

40.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

41.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### VIOLATION OF 47 U.S.C. § 227(b)
*Individually and on behalf of the No Consent Class*

43.     Plaintiff re-alleges and incorporates paragraphs 1-42 as if fully set forth herein.

44.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

45.     The TCPA defines an "automatic telephone dialing system" (ATDS) as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." Id. at § 227(a)(1).

46.     Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such

numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the No Consent Class.

47.     These calls were made without regard to whether Defendant had express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and/or the other members of No Consent Class when such calls were made.

48.     Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and/or the other members of the No Consent Class without their prior express consent.

49.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the No Consent Class harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the No Consent Class are also entitled to an injunction against future calls.

50.     WHEREFORE, Plaintiff, individually and on behalf of the other members of the No Consent Class, prays for the following relief:

(a)     A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

(b)     A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

(c)     An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

(d)     An award of actual, statutory damages, and/or trebled statutory damages; *and*

(e)     Such further and other relief the Court deems reasonable and just.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## JURY DEMAND

51.     Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

52.     Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

DATED: August 17, 2020

Respectfully Submitted,

  /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

AARON HOLLIS, individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

    Plaintiff,                                                        **JURY TRIAL DEMANDED**

v.

CONTINENTAL 425 FUND LLC
d/b/a SPRINGS AT PORT ORANGE,

    Defendant.
_____/

### <u>PLAINTIFF's NOTICE OF SERVICE OF INTERROGATORIES</u>

    Plaintiff Aaron Hollis, pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby

propounds the attached interrogatories to Defendant Continental 425 Fund LLC d/b/a Springs at Port

Orange, to be answered under oath in writing.

    Date: August 17, 2020

      /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail: tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 08/17/2020 12:03:55 PM.****

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

Continental 425 Fund LLC., with the original service of process of the Complaint.

*/s/ Jibrael S. Hindi*
**JIBRAEL S. HINDI**
Florida Bar No. 118259
E-mail: jibrael@jibraellaw.com

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

AARON HOLLIS, individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

     Plaintiff,                                              **JURY TRIAL DEMANDED**

v.

CONTINENTAL 425 FUND LLC
d/b/a SPRINGS AT PORT ORANGE,

     Defendant.
_____/

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiff AARON HOLLIS, pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby

propounds the following interrogatories to Defendant CONTINENTAL 425 FUND LLC d/b/a

SPRINGS AT PORT ORANGE, to be answered fully and separately in writing and under oath by

Defendant.

Date: August 17, 2020

  /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail: tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax:855-529-9540

*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

CONTINENTAL 425 FUND LLC, with the original service of process of the Complaint.

*/s/ Jibrael S. Hindi*
**JIBRAEL S. HINDI**
Florida Bar No. 118259
E-mail: jibrael@jibraellaw.com

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

A.      "You" or "Your" shall mean Defendant CONTINENTAL 425 FUND LLC.

B.      "Subject Text Messages" shall mean the text messages sent to Plaintiff as identified in Plaintiff's operative Complaint.

C.      "Text Message(s)" shall mean a text message sent to a mobile telephone by You or on Your behalf for the purpose of marketing or promoting Your goods and/or services, that was sent using the same type of equipment used to send the Subject Text Messages.

D.      "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

E.      The word "document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films.  Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

F.      "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address,

business telephone number and a description of each such person's connection with the events in question.

G.    "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

## TIME FRAME

Unless otherwise stated, the time period covered by these requests is four (4) years prior to the filing of the Complaint in this case.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## FIRST SET OF INTERROGATORIES TO DEFENDANT

1.      Identify the total number of Text Messages that have been sent.  For each Text Message, please identify the date, content, and telephone number of the recipient of the Text Message, and describe how the Text Messages were sent, including a description of the equipment used to obtain, store, and send messages to each telephone number. For any Text Messages sent simultaneously to numerous persons, identify the contents of the Text Message and the number of recipients such Text Message was sent.

**ANSWER:**

2.      Describe in detail the method or process by which Text Messages were sent.  Your response should include, but not be limited to, a description of each stage of the transmission process for the Text Messages.

**ANSWER:**

3.      Describe in detail the method or process by which you or anyone on your behalf collected or obtained Plaintiff's telephone numbers.

**ANSWER:**

4.      Describe in detail the method or process by which the Subject Text Messages were sent. Your response should include, but not be limited to, a description of each stage of the transmission process for the Subject Text Messages.

**ANSWER:**

5.      Identify the name(s) of the individual(s) who prepared and/or approve the content of the Subject Text Messages.

**ANSWER:**

6.      Identify who sent the Subject Text Messages to Plaintiff.

**ANSWER**:

7.      Describe the equipment used to send the Subject Text Messages.

**ANSWER:**

8.      Describe any equipment used by you or anyone on your behalf to store Plaintiff's telephone number.  Your answer should include a description of how that equipment interacts with any equipment used to send the Subject Text Messages.

**ANSWER:**

9.      Have you ever received formal or informal complaints regarding Text Messages? If so, identify the complaint, including the date and name(s) of the individual(s) making the complaint.

**ANSWER:**

10.     Describe what type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Messages prior to sending the message.

**ANSWER:**

11.     Describe what type of consent or permission, if any, you obtained from recipients of the Text Messages prior to sending the Text Messages.

**ANSWER**:

12.     Describe the manner in which the database(s) of telephone numbers to which Text Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

**ANSWER:**

13.     Were you aware of the restrictions imposed by the Telephone Consumer Protection Act prior to the time any of the Subject Text Messages were sent?  If so, please explain your understanding and whether you believe the TCPA restricts the transmission of the Subject Text Message.

**ANSWER:**

14.     The identity of all persons or entities who participated in transmitting Text Messages.

**ANSWER:**

15.     Describe the reason(s) why the Subject Text Messages were sent to Plaintiff.

**ANSWER:**

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

By:_____

Print Name:_____

**STATE OF** _____ )

                           ) SS:

**COUNTY OF** _____ )

       **BEFORE ME,** the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared _____, who being by me first duly sown, deposes and says that he/she has read the foregoing answers to interrogatories, and that they are true and correct.

       **SWORN TO AND SUBSCRIBED before** me this _____ day of _____, 2020.

_____

Notary Public, State of _____

My Commission Expires:

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

AARON HOLLIS, individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

     Plaintiff,                                    **JURY TRIAL DEMANDED**

v.

CONTINENTAL 425 FUND LLC
d/b/a SPRINGS AT PORT ORANGE,

     Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff AARON HOLLIS, pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests

Defendant CONTINENTAL 425 FUND LLC d/b/a SPRINGS AT PORT ORANGE, produce the

following documents and things for inspection and copying, subject to any outstanding objections,

within 30 days from date of service hereof.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

A.    "You" or "Your" shall mean Defendant CONTINENTAL 425 FUND LLC d/b/a SPRINGS

AT PORT ORANGE

B.    "Subject Text Messages" shall mean the text messages sent to Plaintiff as identified in

Plaintiff's operative Complaint.

C.    "Text Message(s)" shall mean a text message sent to a mobile telephone by You or on

Your behalf for the purpose of marketing or promoting Your goods and/or services, that was sent using

the same type of equipment used to send the Subject Text Messages.

D.    "Person" shall mean any natural person, entity, corporation, partnership, association,

joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 08/17/2020 12:03:55 PM.****

E.     The word "document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films.  Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

F.     "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

G.     "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

## TIME FRAME

Unless otherwise stated, the time period covered by these requests is four (4) years prior to the filing of the Complaint in this case.

## FIRST REQUEST FOR PRODUCTION TO DEFENDANT

1.      Every insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against you in this action or to indemnify you reimburse for payments made to satisfy the judgment irrespective of whether you have, or intend to make such a claim.

2.      Documents sufficient to identify the hardware, software, and/or methodology used to store Plaintiff's telephone number.

3.      Documents sufficient to identify the hardware, software, and/or methodology used to transmit the Subject Text Messages.

4.      Documents sufficient to identify the hardware, software, and/or methodology used to transmit Text Messages.

5.      Documents sufficient to identify the content of the Subject Text Messages and Text Messages.

6.      Documents sufficient to identify the following information regarding recipients of Text Messages: (1) their name, address, email, and phone numbers; and (2) the source(s) where you obtained the telephone numbers called.

7.      Documents sufficient to identify the total number of Text Messages sent.

8.      Documents sufficient to identify the method or process by which Text Messages and the Subject Text Messages were sent.

9.      All documents regarding or referring to Plaintiff.

10.     All documents you reviewed and/or relied upon in formulating your responses to Plaintiff's Interrogatories.

11.     All communications between you and Plaintiff.

12.     All formal or informal complaints received by you regarding Text Messages.

13.     Documents sufficient to identify the target name and/or phone number for every Text Message sent.

14.     All documents supporting your contention that you obtained express written consent to send the Subject Text Messages.

15.     All documents supporting your contention that you obtained express consent to send the Subject Text Messages.

16.     All documents supporting your contention that you obtained express written consent to send Text Messages.

17.     All documents supporting your contention that you obtained express consent to send Text Messages.

18.     All policies and procedures pertaining in any way TCPA compliance by you and/or your employees.

19.     All communications regarding or incorporating any of the following words: "autodialer," "autodial," "Telephone Consumer Protection Act," "TCPA," "marketing text" "text message campaign," and "FCC petition."

20.     Documents sufficient to identify the creation, content and/or transmission of Text Messages.

21.     Documents sufficient to identify the creation, content and/or transmission of the Subject Text Messages.

22.     All documents pertaining to transmission of the Subject Text Messages to Plaintiff.

23.     All communications pertaining to transmission of the Subject Text Messages to Plaintiff.

24.     All documents pertaining to the transmission of Text Messages.

25.     Documents sufficient to identify the computer and/or other device use to transmit the Subject Text Messages.

26.     Documents sufficient to identify the computer and/or other device use to transmit Text Messages.

27.     Documents sufficient to identify the telephone numbers to which Text Messages were transmitted, including, but not limited to, transmission reports or logs.

28.     Documents sufficient to identify the criteria used to select and/or obtain the database of telephone numbers to which Text Messages were sent.

29.     All documents pertaining to the type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Messages prior to sending the message.

30.     All documents pertaining to the type of consent or permission, if any, you obtained from recipients of Text Messages prior to sending the Text Messages.

31.     Documents sufficient to identify the manner in which the database(s) of telephone numbers to which Text Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

32.     Documents sufficient to identify the reason(s) why the Subject Text Messages were sent to Plaintiff.

33.     Documents sufficient to identify the reason(s) why Text Messages were sent.

34.     All documents pertaining to the marketing or promotion of your business through Text Messages.

35.     All communications pertaining to the criteria used to select and/or obtain the telephone numbers to which Text Messages were transmitted.

36.     Documents sufficient to identify your policies, practices, and/or procedures for transmitting Text Messages.

37.     All documents pertaining to consent to transmit Text Messages.

38.     All contracts and documents pertaining to any agreement between you and any third party regarding the Subject Text Messages.

39.     All contracts and documents pertaining to any agreement between you and any third party regarding Text Messages.

40.     Documents sufficient to identify the number of Text Messages that you or anyone on your behalf have sent.

41.     All documents pertaining to any third party transmitting Text Messages on your behalf.

42.     All documents referred to in, identified in, or that provide part or all of the basis for Defendant's responses to Plaintiff's Interrogatories.

43.     Copies of all documents, materials, business plans, memoranda, and/or minutes that reference using telemarketing or automatic dialing systems to contact persons and/or entities to promote Defendant's products, goods, or services.

44.     All documents, records, data, recordings and other materials relating to Plaintiff.

45.     All documents regarding Plaintiff's telephone numbers.

Date: August 17, 2020

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax:    855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

with the original service of process of the Complaint.

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI**
Florida Bar No. 118259
E-mail: jibrael@jibraellaw.com

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

AARON HOLLIS, individually and on behalf of all
others similarly situated,

**CLASS ACTION**

    Plaintiff,

**JURY TRIAL DEMANDED**

v.

CONTINENTAL 425 FUND LLC
d/b/a SPRINGS AT PORT ORANGE,

    Defendant.

_____/

## PLAINTIFF'S REQUEST FOR INSPECTION OF PROPERTY

    Plaintiff AARON HOLLIS, pursuant to Rule 1.350, Florida Rules of Civil Procedure,

requests Defendant CONTINENTAL 425 FUND LLC d/b/a SPRINGS AT PORT ORANGE,

to produce for inspection the equipment utilized by Defendant CONTINENTAL 425 FUND

LLC d/b/a SPRINGS AT PORT ORANGE, to transmit the text messages alleged in Plaintiff's

operative Complaint, at a mutually agreed-upon date, time and location.

    Date: August 17, 2020.

      /s/ Jibrael S. Hindi
    **JIBRAEL S. HINDI, ESQ.**
    Florida Bar No.: 118259
    E-mail: jibrael@jibraellaw.com
    **THOMAS J. PATTI, ESQ.**
    Florida Bar No.: 118377
    E-mail: tom@jibraellaw.com
    The Law Offices of Jibrael S. Hindi
    110 SE 6th Street, Suite 1744
    Fort Lauderdale, Florida 33301
    Phone: 954-907-1136
    Fax:855-529-9540

    *COUNSEL FOR PLAINTIFF*

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 08/17/2020 12:03:55 PM.****

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

with the original service of process of the Complaint.

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI**
Florida Bar No. 118259
E-mail: jibrael@jibraellaw.com

In the Circuit Court of the Seventeenth Judicial Circuit
In and for Broward County, Florida

Aaron Hollis
Plaintiff

Case No: 20-0013372

vs.

Continental 425 Fund LLC
Defendant

Judge:
Division: 09



## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-4-Civ/UFC/CO:

**"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",**

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases:

None

Brenda D. Forman
Circuit and County Courts

By: LYNDA WATERS

Deputy Clerk

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION

AARON HOLLIS, individually and on      CASE NO.: CACE-20-013372
Behalf of all others similarly situated,      Division: 9
Plaintiff(s),

v.

CONTINENTAL 425 FUND LLC d/b/a
SPRINGS AT PORT ORANGE,
Defendant.

_____/

## NOTICE OF APPEARANCE AS COUNSEL

NOTICE IS HEREBY GIVEN that Jacqueline Simms-Petredis, Esq. and Zachary D.

Miller, Esq. of Burr & Forman LLP, enter their appearance as counsel for Defendant,

CONTINENTAL 425 FUND LLC d/b/a SPRINGS AT PORT ORANGE, in the above-styled

action and request that a copy of all further pleadings, correspondence and other communications

be directed and served upon them by e-filing or by mail at the address shown in the signature line

below.

Dated this 1st day of September, 2020.

/s/ Jacqueline Simms-Petredis
Jacqueline Simms-Petredis, Esq. (FL Bar 906751)
BURR & FORMAN LLP
201 N. Franklin Street, Suite 3200
Tampa, FL 33602
Telephone: (813) 221-2626
Facsimile: (813) 221-7335
jsimms-petredis@burr.com
anolting@burr.com;dmorales@burr.com,
mguerra@burr.com

Zachary D. Miller (FL Bar 95669)
BURR & FORMAN, LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3216

Facsimile:  (615) 724-3316
zmiller@burr.com; agosnell@burr.com

ATTORNEYS FOR CONTINENTAL 425 FUND
LLC d/b/a SPRINGS AT PORT ORANGE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing will be electronically served via Florida's E-Portal System this 1st day of September 2020 upon:

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
jbirael@jibraellaw.com
tom@jibraellaw.com
Attorneys for Plaintiff

/s/ Jacqueline Simms-Petredis
Jacqueline Simms-Petredis, Esq.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION

AARON HOLLIS, individually and on          CASE NO.:  CACE-20-013372
Behalf of all others similarly situated,    Division: 9
Plaintiff(s),

v.

CONTINENTAL 425 FUND LLC d/b/a
SPRINGS AT PORT ORANGE,
Defendant.

_____/

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendant, Continental 425 Fund LLC d/b/a Springs at Port Orange, ("Defendant"), by and through undersigned counsel, hereby files this Unopposed Motion for Extension of Time to File a Response to the Plaintiff, Aaron Hollis' Complaint, stating as follows:

1.      Counsel for Defendant filed their notice of appearance on September 1, 2020.

2.      Defendant's response to Plaintiff's complaint is due on September 16, 2020.

3.      Defendant requests an additional (21) days to respond to the Complaint in order to continue exploring the claims raised and confer with Plaintiff's counsel on potential resolution.

4.      Counsel for Defendant certifies that conferral was made with counsel for Plaintiff, who does not oppose the extension.

5.      This Motion is filed in good faith and not for purposes of delay.

WHEREFORE, Continental 425 Fund LLC d/b/a Springs at Port Orange respectfully request this Court enter an order extending its responsive pleading deadline up to and including **October 7, 2020.**

/s/ Jacqueline Simms-Petredis
Jacqueline Simms-Petredis, Esq. (FL Bar 906751)
BURR & FORMAN LLP
201 N. Franklin Street, Suite 3200

Tampa, FL 33602
Telephone: (813) 221-2626
Facsimile: (813) 221-7335
jsimms-petredis@burr.com
anolting@burr.com;dmorales@burr.com,
mguerra@burr.com

Zachary D. Miller (FL Bar 95669)
BURR & FORMAN, LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3216
Facsimile:  (615) 724-3316
zmiller@burr.com; agosnell@burr.com

ATTORNEYS FOR CONTINENTAL 425 FUND
LLC d/b/a SPRINGS AT PORT ORANGE

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing will be electronically served via Florida's E-Portal System this 1st day of September 2020 upon:

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
jbirael@jibraellaw.com
tom@jibraellaw.com
Attorneys for Plaintiff

/s/ Jacqueline Simms-Petredis
Jacqueline Simms-Petredis, Esq.

44095574 v1                                                2

## RETURN OF SERVICE

| State of Florida | County of Broward | 17th Judicial Circuit Court |
|---|---|---|

Case Number: CACE-20-013372

Plaintiff:
**Aaron Hollis**

vs.

Defendant:
**Continental 425 Fund LLC a/b/a Springs at Port Orange**

For:
Jibrael Hindi
The Law Offices Of Jibrael S. Hindi, PLLC
jibrael@, tom@,bryon@jibraellaw.com
110 SE 6th Street, 17th Floor
Ft. Lauderdale, FL 33301

Received by All Broward Process Corp on the 23rd day of August, 2020 at 5:33 pm to be served on **Continental 425 Fund LLC c/o C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324**.

I, Francisco X. Carreras, do hereby affirm that on the **27th day of August, 2020** at **2:40 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Summons , Civil Cover Sheet , Class action complaint , Plaintiff's Notice of Service of Interrogatories , Plaintiff's first request for production to defendant , and Plaintiff's request for inspection of property** with the date and hour of service endorsed thereon by me, to: **Donna Moch c/o C T Corporation System** as **Registered Agent** at the address of: **1200 South Pine Island Road, Plantation, FL 33324** on behalf of **Continental 425 Fund LLC**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 55+, Sex: F, Race/Skin Color: White, Height: 5'55", Weight: 140, Hair: Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare I have read the foregoing Return of Service and that the facts stated are true. Notary not required pursuant to F.S. 92.525(2). Electronically signed in accordance with FSS 48.21(1).

**Francisco X. Carreras**
#582

**All Broward Process Corp**
**701 N Fig Tree Lane**
**Plantation, FL 33317**
**(954) 214-5194**

Our Job Serial Number: BPC-2020002128

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c